# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| Shana Massie,<br><br>  Plaintiff,<br><br>v.<br><br>Carolyn W. Colvin, Acting Commissioner of Social Security,<br><br>  Defendant. | Case No. 14-CV-2888 (SRN/FLN)<br><br>**ORDER** |

Meredith Marcus, Daley Disability Law, 601 W. Randolph Street, Suite 300, Chicago, Illinois 60661, for Plaintiff.

Pamela A. Marentette, United States Attorney's Office, 300 South Fourth Street, Suite 600, Minneapolis, Minnesota 55415, for Defendant.

SUSAN RICHARD NELSON, United States District Judge

This matter is before the Court on Plaintiff Shana Massie's Motion for Attorney's Fees [Doc. No. 26] pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412. Plaintiff sought review in this Court of an administrative law judge's denial of her claim for disability benefits. (See Pl.'s App. for Atty's Fees Under the EAJA [Doc. No. 27] ("Pl.'s App."), ¶¶ 1–3.) After Plaintiff filed her opening summary judgment memorandum, the parties stipulated to a remand to Social Security Administration for further proceedings. (Joint Stip. for Remand [Doc. No. 23].) The Court ordered the remand pursuant to sentence four of 42 U.S.C. § 405(g), (Order for Remand [Doc. No. 24]), and Plaintiff subsequently filed her application for attorney's fees. She seeks

compensation for 9 hours expended by her counsel on this case, including in preparing the fee petition, at an hourly rate of $190.92, as well as compensation for 47.05 hours expended by paralegals and law clerks at an hourly rate of $100.00.  (See Pl.'s App. ¶¶ 10–14.)  These fees total $6,423.28.  (Id. at 7.)  In addition, Plaintiff seeks $100.00 for pro hac vice filing costs.  (Id.)

As discussed above, Plaintiff seeks her attorney's fees pursuant to the EAJA, 28 U.S.C. § 2412(d).  That statute provides, in relevant part:

> [A] court shall award to a prevailing party other than the United States fees and other expenses . . . incurred by that party in any civil action (other than cases sounding in tort), including proceedings for judicial review of agency action, brought by or against the United States in any court having jurisdiction of that action, unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.

28 U.S.C. § 2412(d)(1)(A).  In addition,

> [a] party seeking an award of fees and other expenses shall, within thirty days of final judgment in the action, submit to the court an application for fees and other expenses which shows that the party is a prevailing party and is eligible to receive an award under this subsection, and the amount sought, including an itemized statement from any attorney or expert witness representing or appearing in behalf of the party stating the actual time expended and the rate at which fees and other expenses were computed.  The party shall also allege that the position of the United States was not substantially justified. . . .

Id. § 2412(d)(1)(B).  Attorney's fees requested under this section may not exceed the rate of $125.00 per hour "unless the court determines that an increase in the cost of living or a special factor . . . justifies a higher fee."  Id. § 2412(d)(2)(A).

A plaintiff bears the initial burden to establish that she was a "prevailing party." Huett v. Bowen, 873 F.2d 1153, 1155 (8th Cir. 1989) (per curiam). "The Supreme Court has recognized that a social-security plaintiff who obtains a 'sentence-four' remand . . . is a prevailing party under the EAJA." Johnson v. Astrue, Civ. No. 10-4676 (RHK/AJB), 2012 WL 1593225, at *1 (D. Minn. May 7, 2012) (citing Shalala v. Schaefer, 509 U.S. 292, 302 (1993)). "Once a party establishes that he or she was a prevailing party, the burden shifts to the government to prove that it was substantially justified in asserting its position." Huett, 873 F.2d at 1155.

In this case, Plaintiff was the prevailing party because she obtained a remand pursuant to sentence four of 42 U.S.C. § 405(g). In her application, Plaintiff alleges that the Government's position was not substantially justified, (Pl.'s App. ¶¶ 6–9), and the burden is on the Government to demonstrate that its position was substantially justified. The Government, however, does not object to the award of Plaintiff's requested fees and costs. (Def.'s Resp. to Pl.'s Mot. for Atty's Fees [Doc. No. 30].)

Based on the foregoing, the Court finds that Plaintiff is entitled to an award of attorney's fees and costs under the EAJA, and that the $190.92 per hour rate is reasonable in light of the increase in the cost of living since enactment of the $125.00 statutory rate guideline in 1996. Accordingly, Plaintiff is awarded her attorney's fees in the amount of $6,423.28 and her costs in the amount of $100.00.[1] The Court will, however, allow the

---

[1] Plaintiff requests that the fees be paid to her attorney. (See Pl.'s App. at 7.) However, EAJA fee awards are paid to the prevailing party rather than to her attorney, Dornbusch v. Astrue, No. 09-CV-1734 (PJS/JJG), 2011 WL 779781, at *1 (D. Minn. Mar. 1, 2011) (citing Astrue v. Ratliff, 130 S. Ct. 2521, 2525–26 (2010)), and Plaintiff

Government sixty days to determine whether any portion of that fee award is subject to offset and to remit the balance due after application of any appropriate offset.[2]

**THEREFORE, IT IS HEREBY ORDERED THAT:**

1. Plaintiff's Motion for Attorney's Fees [Doc. No. 26] is **GRANTED**;

2. Plaintiff is awarded $6,423.28 in reasonable attorney's fees, and $100.00 in costs, subject to offset by any preexisting debt that Plaintiff owes to the United States; and

3. Defendant shall pay the above-awarded fees, minus any applicable offset, to Plaintiff by July 13, 2016.

Dated: May 16, 2016                s/Susan Richard Nelson
                                   SUSAN RICHARD NELSON
                                   United States District Judge

---

has not submitted an assignment of her rights.

[2] "Fees recovered pursuant to the EAJA are subject to a federal administrative offset if the prevailing party has outstanding debts to the federal government." Dornbusch, 2011 WL 779781, at *1 (citing Ratliff, 130 S. Ct. at 2527) (allowing the government sixty days to determine whether the EAJA fee award was subject to offset and to remit the balance due after any offset was applied).