UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Shana Massie,                                                                  Civil No. 14-2888 (SRN/FLN)

                    Plaintiff,

            v.                                                                        **ORDER AND REPORT AND RECOMMENDATION**

Carolyn W. Colvin,
Acting Commissioner of Social Security,

                    Defendant.

_____

Meredith Marcus and Edward Olson for Plaintiff.
Pamela Marentette, Assistant United States Attorney, for Defendant.

_____

**THIS MATTER** came before the undersigned United States Magistrate Judge on Plaintiff's petition for attorney's fees pursuant to § 206(b)(1) of the Social Security Act (ECF No. 32) and Plaintiff's motion to amend her fee petition (ECF No. 33). This matter was referred to the undersigned for Report and Recommendation pursuant to 28 U.S.C. § 636 and Local Rule 72.1. For the reasons that follow, Plaintiff's motion to amend her fee petition is **GRANTED** and the undersigned recommends that Plaintiff's motion for attorney's fees be **GRANTED**.

## I. BACKGROUND

Plaintiff Shana Massie initiated this action seeking judicial review of the final decision of Defendant Carolyn Colvin, Acting Commissioner of Social Security ("Commissioner"), denying her claim for disability insurance benefits ("DIB") and supplemental security income ("SSI"). *See* Compl., ECF No. 1. Pursuant to a joint stipulation, the Court remanded Plaintiff's case to the Commissioner for further administrative proceedings. *See* Order, ECF No. 24. On March 8, 2016, Plaintiff was awarded $98,954.00 in past-due DIB benefits and $37,368.33 in past-due SSI benefits.

Am. Pet. for Attorney's Fees, ECF No. 33-1; *id.* Ex. A, ECF No. 33-2.

The Court awarded Plaintiff $6,423.28 in attorney's fees under the Equal Access to Justice Act ("EAJA") on May 16, 2016. Order, ECF No. 31. Counsel for Plaintiff then filed a petition for attorney's fees pursuant to § 206(b)(1) of the Social Security Act, seeking $24,738.50 in attorney's fees to be payable from Plaintiff's retroactive DIB benefits. Pet. for Attorney's Fees, ECF No. 32. On July 8, 2016, after Plaintiff's counsel filed her petition for attorney's fees, the SSA awarded Plaintiff past-due auxiliary benefits for her three children, totaling $49,428.00. *See* ECF No. 33-1 ¶ 2; *id.* Ex. B, ECF No. 33-3. Plaintiff's counsel has now filed a motion to amend her petition for attorney's fees to take into account the recently-awarded auxillary benefits. ECF No. 33. Plaintiff's amended petition for attorney's fees seeks an additional $12,357.00, for a total fee award of $37,095.50. ECF No. 33-2. The Commissioner filed a response to the petition, taking "no legal position as to the appropriateness or reasonableness of Plaintiff's request." Def.'s Resp. 1, ECF No. 34.

## II. ANALYSIS

Title 42 U.S.C. § 406(b)(1) provides:

> Whenever a court renders a judgment favorable to a claimant under this subchapter who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment, and the Commissioner of Social Security may, notwithstanding the provisions of section 405(i) of this title, but subject to subsection (d) of this section, certify the amount of such fee for payment to such attorney out of, and not in addition to, the amount of such past-due benefits. In case of any such judgment, no other fee may be payable or certified for payment for such representation except as provided in this paragraph.

This section was made applicable to SSI fees by 42 U.S.C. § 1383(d).

Here, Plaintiff's fee arrangement with her attorney states, in relevant part:

2

    1.    Attorney Fee

. . .

I have been advised by my attorney that the Social Security Administration is authorized to withhold one-fourth (25%) of whatever past-due benefits are allowed me and/or my dependents based on my Social Security account or the Social Security account on which I am applying for benefits. . . . I understand that representation in court will not cost me more than 25% of the past due benefits for my dependents, if applicable, and myself. The attorney may keep 25% of the past-due benefits if awarded by the court or the EAJA fee, whichever is the higher of the two.

. . .

In the event the Social Security Administration releases to me any amount of past-due benefits which, pursuant to the statute, should have been withheld, I shall pay this amount to my attorney and said amount shall be placed in an escrow account until such time as a final authorization to pay an attorney fee has been made by the Social Security Administration.

ECF No. 32, Ex. B.

As stated above, Plaintiff was awarded $98,954.00 in past-due DIB benefits and $49,428.00 in past-due benefits for her children. Plaintiff's counsel seeks 25% of these awards as a reasonable fee for her representation. ECF No. 33-1 ¶ 2. Twenty-five percent of $148,382.00 equals $37,095.50. The Court finds this amount appropriate and reasonable given the outcome obtained by Plaintiff's counsel. Pursuant to 42 U.S.C. § 406(b) and Plaintiff's fee arrangement, Plaintiff's counsel is entitled to $37,095.50. However, Plaintiff's counsel must refund to Plaintiff $6,423.28, which represents the amount of EAJA fees previously awarded to counsel. *See Gisbrecht v. Barnhart*, 535 U.S. 789, 796 (2002).

### III. ORDER

Based upon the foregoing, and all of the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that Plaintiff's motion to amend her fee petition (ECF No. 33) is

**GRANTED**. Plaintiff's petition for attorney's fees (ECF No. 32) is amended as outlined in her amended petition filed at ECF No. 33-1.

### IV. RECOMMENDATION

Based upon the foregoing and all of the files, records, and proceedings herein, **IT IS HEREBY RECOMMENDED** that Plaintiff's petition for attorney's fees (ECF No. 32), as amended by ECF No. 33-1, be **GRANTED** as follows:

1. Plaintiff's counsel is awarded an attorney's fee in the amount of $37,095.50;

2. The attorney's fees approved herein shall be paid to Plaintiff's counsel from the funds withheld from Plaintiff's past-due DIB benefits and Plaintiff's children's benefits by the Social Security Administration for payment of attorney's fees;

3. Any additional funds withheld from Plaintiff's retroactive benefits by the Social Security Administration for payment of attorney's fees shall be released to Plaintiff by the Social Security Administration;

4. As required by *Gisbrecht v. Barnhart*, 535 U.S. 789 (2002), counsel must refund to Plaintiff the amount of $6,423.28, which represents the EAJA fees previously awarded to counsel (ECF No. 31).

DATED: August 30, 2016         *s/Franklin L. Noel*
                               FRANKLIN L. NOEL
                               United States Magistrate Judge

Pursuant to the Local Rules, any party may object to this Report and Recommendation by filing with the Clerk of Court and serving on all parties, on or before **September 14, 2016**, written objections that specifically identify the portions of the proposed findings or recommendations to which objection is being made, and a brief in support thereof. A party may respond to the objecting party's brief within fourteen (14) days after service thereof. All briefs filed under the rules shall be limited to 3,500 words. A judge shall make a de novo determination of those portions to which objection is made.

This Report and Recommendation does not constitute an order or judgment of the District Court, and it is, therefore, not appealable to the Circuit Court of Appeals.